## Vickery *et al. v.* Rester.

In an action on a promissory note, brought jointly under the statute, against the maker and endorsers, the plaintiff may discontinue as to the first endorser, and take judgment by default against the second endorser and the maker.

In judgment by default on a promissory note, it seems the note must be produced; but in order to show that it was not produced, that fact must be spread upon the record, or it is not of itself a part of the record.

IN error from the circuit court for the county of Yazoo.

Hezekiah Rester instituted suit in March, 1838, against Magnus T. Rogers, as maker of a promissory note, and Alexander Elliot and Aaron Vickery, first and second endorsers, for $1000. The action was joint against the maker and endorsers, in pursuance of the statute. The plaintiff discontinued as to the first endorser, and took judgment by default against the second endorser and the maker.

The note upon which the action was founded, was not filed among the papers.

The following bill of particulars was filed with the papers:

| Defendants to Plaintiffs | *Dr.* |
|---|---|
| To amount of note sued on in this action, | $1000 |
| Paid charges of protest on same, | 3 |
| | $1003 |

Forrester & Fitch for plaintiff in error.

Rucks & Yerger, *contra.*

Opinion of the court by Mr. Justice TURNER.

Two questions are presented in this case:

1st. As to the dismissal of the suit as to one of the defendants in the court below.

This point has been so often ruled in this court, that it is not necessary again to discuss it. There is no error in this part of the case.

25*

[Vickery *et al. v.* Rester.]

2d. That judgment was taken without filing the note sued on.

The long established practice of our courts, is in favor of the principle assumed by the plaintiff in error. Although there is a judgment by default in an action on a note or bond, unless sued on as a lost instrument, the courts will not permit a judgment to be taken. The note should be produced and filed, not only for the purpose of seeing whether there are credits endorsed, but for the sake of propriety, and for the benefit of the defendant.

But the point does not arise in this case, as it does not appear by the record that the note was *not* produced. Oyer is not required in such case as this; and there is no bill of exceptions, by which means it might have been placed on the record. For aught we know, the note may be on file in the court below.

Judgment must be affirmed.